UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, TRUSTEES OF THE LOCAL 7
TILE INDUSTRY ANNUITY FUND, TRUSTEES
OF THE TILE LAYERS LOCAL UNION 52
PENSION FUND, TRUSTEES OF THE
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND and
TRUSTEES OF THE INTERNATIONAL
MASONRY INSTITUTE,

**MEMORANDUM & ORDER**
13-CV-2770 (MKB)

       Plaintiffs,

    v.

DIBERNARDO TILE & MARBLE CO.,

       Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiffs, Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (together the "Local 7 Benefit Funds"), and Trustees of the Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (together the "International Benefit Funds") commenced the above captioned action on May 9, 2013 against Defendant Dibernardo Tile & Marble Co., alleging violations of § 502(a)(3) and § 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3) and § 1145, and of § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Although properly served with copies of the summons and Complaint, (Docket Entry No. 5), Defendant failed to appear or otherwise defend against this action. On June 21, 2013, the Clerk of the Court noted Defendant's default. (Docket Entry No. 7.) Plaintiffs subsequently moved for a default judgment on August 16, 2013.

(Docket Entry No. 8.) On October 3, 2013, the Court referred the motion to Magistrate Judge Robert M. Levy for a report and recommendation. (Order dated October 3, 2013.) On October 17, 2013, Judge Levy issued an order directing Plaintiffs to serve and file a detailed submission to support their request for damages and attorneys' fees, to the extent they had not already done so, and granted leave to Defendants to serve and file opposition papers on or before December 6, 2013. (Docket Entry No. 11.) No additional submissions were filed. On March 7, 2014, Judge Levy issued a Report & Recommendation ("R&R") recommending that the Court grant Plaintiffs' request for a default judgment against Defendant as to liability, and that the Court award Plaintiffs a total of $11,381.83 (consisting of unpaid contributions, liquidated damages, audit costs, and attorneys' fees and costs) plus interest on unpaid contributions calculated as follows: *to the Local 7 Benefit Funds*, interest awarded at the rate of ten percent per annum from the date of delinquency through the date of entry of judgment on $6,650.86 in unpaid contributions that accrued between July 1, 2008 through December 31, 2010; *to the International Benefit Funds*, interest awarded at the rate of ten percent per annum from the date of delinquency through the date of entry of judgment on $687.95 in unpaid contributions that accrued between July 1, 2008 through June 7, 2009, and interest awarded at the rate of fifteen percent per annum from the date of delinquency through the date of entry of judgment on $414.40 in unpaid contributions that accrued between June 8, 2009 through December 31, 2010. (R&R 12, 8.) Judge Levy recommended that Plaintiffs be directed to submit updated interest calculations in light of the varying operative delinquency dates. (*Id.* at 8 n.1.) Objections were due within 14 days. (*Id.* at 12.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

Judge Levy's recommendation to the Court notes that interest began to accrue on each unpaid payment as it became delinquent, resulting in a complicated interest calculation, and recommends that Plaintiffs be directed to submit updated interest calculations in light of the varying operative delinquency dates. (R&R 8 n.1.) The Court declines to invite additional submissions and instead utilizes the simplified method of interest calculation adopted by courts in this District for ERISA claims. *See Trustees of Local 813 Ins. Trust Fund v. Bradley Funeral Serv., Inc.*, No. 11-CV-2885, 2012 WL 3871759, at *4 (E.D.N.Y. Aug. 10, 2012) (collecting cases), *report and recommendation adopted*, No. 11-CV-2885, 2012 WL 3871755 (E.D.N.Y. Sept. 4, 2012). "Under this method, prejudgment interest accrues from a single reasonable intermediate date when damages are incurred over a period of time." *Id.* (citation and internal quotation marks omitted).

Payments to Local 7 Benefit Funds became delinquent at varying times over the period of July 1, 2008 through December 31, 2010. (R&R 6.) The midpoint of this period is September 30, 2009. The Court finds that interest should be awarded to Local 7 Benefit Funds on the $6,650.86 in unpaid contributions at the rate of ten percent per annum, the rate specified

3

in the applicable collective bargaining agreements, from September 30, 2009 through the date of entry of judgment.

Payments to International Benefit Funds also became delinquent at varying times over the period of July 1, 2008 through December 31, 2010. (*Id.*) However, two different interest rates govern delinquent payments accrued during this period. (*Id.* at 8.) Pursuant to the applicable collective bargaining agreements, payments that became delinquent between July 1, 2008 through June 7, 2009 are subject to ten percent interest per annum, while payments that became delinquent between June 8, 2009 through December 31, 2010 are subject to fifteen percent interest per annum. (*Id.* at 2, 8.) The midpoint for the delinquency period between July 1, 2008 through June 7, 2009 is December 18, 2008, and the midpoint for the delinquency period between June 8, 2009 through December 31, 2010 is March 20, 2010. The Court finds that interest should be awarded to International Benefit Funds on the $687.95 in unpaid contributions at the rate of ten percent per annum from December 18, 2008 through the date of entry of judgment, and on the $414.40 in unpaid contributions at the rate of fifteen percent per annum from March 20, 2010 through the date of entry of judgment.

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Levy's R&R, as modified, pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs' motion for default judgment is granted. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs against Defendant in the amount of $11,381.83 plus interest on unpaid contributions calculated as follows: *to the Local 7 Benefit Funds*, interest awarded at the rate of ten percent per annum from September 30, 2009 through the date of entry of judgment on $6,650.86 in unpaid contributions; *to the International Benefit Funds*, interest awarded at the rate of ten percent per annum from December 18, 2008 through the date of entry of judgment on $687.95 in

unpaid contributions, and interest awarded at the rate of fifteen percent per annum from March 20, 2010 through the date of entry of judgment on $414.40 in unpaid contributions. The Clerk of the Court is directed to close this case.

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 31, 2014
      Brooklyn, New York